UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GROSS MORTGAGE CORPORATION,

     Plaintiff,

     vs.

SABIR JAMIL AL-MANSUR,

      Defendant.

Case No.: C12-CV-04122-YGR

**REMAND ORDER**

This is the third removal filed by Defendant Sabir Al-Mansur ("Defendant") assigned to this Court. On March 6, 2012, Defendant removed an unlawful detainer case from Alameda County, Case No. RG11-602224. *See* Case No. 12-cv-01102-YGR ("First Case") (Dkt. No. 1). Defendant had removed in the First Case asserting that the unlawful detainer complaint presented federal questions, and that Defendant's answer and counterclaim alleged federal questions. Following a Motion to Remand for Lack of Jurisdiction by Plaintiff Gross Mortgage Corporation ("Plaintiff"), the Court remanded that action based on a lack of federal question and diversity jurisdiction. First Case (Dkt. No. 27 ("First Remand Order")).

On July 6, 2012, Defendant removed another unlawful detainer case from Alameda County, Case No. RG11-610380. *See* Case No. 12-cv-03508 ("Second Case") (Dkt. Nos. 1 & 7). Plaintiff filed another Motion to Remand for Lack of Jurisdiction, which the Court granted on August 6, 2012. Second Case (Dkt. No. 12 ("Second Remand Order")). While again asserting that there were numerous federal questions raised by the unlawful detainer complaint, his answer, and counterclaim, the Court found there were no grounds for original jurisdiction through 28 U.S.C. sections 1331, 1343, 1348, or 1356 upon which to base removal under 28 U.S.C. sections 1441. *Id.*

United States District Court
Northern District of California

United States District Court
Northern District of California

1    In the Second Case, the Court also rejected Defendant's argument that removal was proper under

2    28 U.S.C. section 1443 based on claimed violations of his civil rights.  *Id.*  In the remand order, the

3    Court stated that "a defendant may not twice remove the same action where each removal is based

4    on the same grounds."  Second Remand Order at 6 (citing *St. Paul & C. Ry. Co. v. McLean*, 108

5    U.S. 212, 217 (1883); *Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453, 457 (7th Cir. 2005);

6    *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492-93 (5th Cir. 1996)).

7          In the present action (the "Third Case"), filed on the same day as the Second Remand

8    Order, Defendant attempts to remove again the unlawful detainer action that he removed in the

9    First Case.  Case No. 12-cv-04122 (Dkt. No. 1 ("Notice of Removal")).  As is clear from the first

10   page of the Notice of Removal, Defendant seeks to remove Case No. RG11-602224, which is the

11   same complaint at issue in the First Case.  In addition, the copy of the complaint attached to the

12   pending Notice of Removal in this action bears the case number from the First Case in the header

13   (*see* Dkt. No. 1 at ECF pp. 17–19), further confirming that this is Defendant's second attempt to

14   remove the same complaint to federal court as he did in the First Case.[1]

15         In this Notice of Removal, Defendant bases his removal of the unlawful detainer complaint

16   (pursuant to California Code of Civil Procedure section 1161a) on the same substantive grounds as

17   he did in the Second Case.  Notice of Removal at ECF pp. 1–15 & 17–19.  Having compared this

18   Notice of Removal to the Amended Notice of Removal in the Second Case (Second Case, Dkt. No.

19   7), there are no additional grounds for removal providing this Court with subject matter

20   jurisdiction.

21         **1.     28 U.S.C. § 1441**

22         In the Notice of Removal, Defendant alleges that removal under section 1441 is proper

23   because the Court has original jurisdiction over this action pursuant to 28 U.S.C. sections 1331,

24   1343, 1348, and 1356.  Notice of Removal at 4–9.

25         Under 28 U.S.C. section 1441(a), "any civil action brought in a State court of which the

26   district courts of the United States have original jurisdiction, may be removed by the defendant or

27
28   [1] The Court notes that Defendant removed Alameda County Superior Court Case No. RG11-6103380 to federal court in a fourth case.  Case No. 12-cv-00650-RS.  That action was remanded on March 21, 2012 for lack of federal question and diversity jurisdiction.  (Dkt. No. 15.)

United States District Court
Northern District of California

the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  However, the burden of establishing federal jurisdiction is on the party seeking removal, and courts strictly construe the removal statute against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (internal citations omitted).  Accordingly, "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.* at 566.  A district court *must* remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

Defendant first alleges subject matter jurisdiction under 28 U.S.C. section 1331.  Under this statute, a district court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  This Court has now twice remanded Defendant's cases after concluding that neither federal question jurisdiction nor diversity jurisdiction supported removal.  First Remand Order at 2; Second Remand Order at 2–5.  As stated in the Court's First and Second Remand Orders, Plaintiff's state court complaint alleges only unlawful detainer and is insufficient to provide this Court with jurisdiction under 28 U.S.C. section 1331.  A defendant's counterclaims and defenses asserting a federal question cannot give rise to jurisdiction under section 1331.  *Vaden v. Discovery Bank*, 556 U.S. 49, 60, 129 S. Ct. 1262, 1272 (2009).  The federal question must be presented by the plaintiff's complaint as it stands *at the time of removal*.  Remand of the unlawful detainer complaint at issue in this action (RG11-602224) is therefore not proper under federal question jurisdiction.

Defendant also alleges that this Court has original jurisdiction under 28 U.S.C. section 1348.  Section 1348 states:

> The district courts shall have original jurisdiction of any civil action commenced by the United States, or by direction of any officer thereof, against any national banking association, any civil action to wind up the affairs of any such association, and any action by a banking association established in the district for which the court is held, under chapter 2 of Title 12, to enjoin the Comptroller of the Currency, or any receiver acting under his direction, as provided by such chapter.

28 U.S.C. § 1348.  According to Defendant, jurisdiction under this section is proper because "[t]he

3

1    Plaintiffs initiated the action and are a national banking association."  Notice of Removal at 7.

2    However, section 1348 was intended only "to eliminate the right of national banks to claim original

3    or removal jurisdiction *solely* on the basis of being a nationally chartered corporation." *Burns v.*

4    *American Nat'l Bank & Trust Co.*, 479 F.2d 26, 28-29 (8th Cir. 1973); *Southern Elec. Steel Co. v.*

5    *First Nat'l Bank of Birmingham*, 515 F.2d 1216, 1217 (5th Cir. 1975) (citing *Hermann v. Edwards*,

6    238 U.S. 107 (1915)).  It is well-settled that section 1348 does not grant this Court jurisdiction over

7    a claim merely because one party to the claim is a national banking association.  *Id.*  Consequently,

8    section 1348 provides no basis for Defendant's removal.

9         Defendant further alleges original jurisdiction under 28 U.S.C. section 1356, which provides

10   district courts with "original jurisdiction, exclusive of the courts of the States, of any seizure *under*

11   *any law of the United States* on land or upon waters not within admiralty and maritime jurisdiction,

12   except matters within the jurisdiction of the Court of International Trade[.]"  28 U.S.C. § 1356

13   (emphasis added).  However, jurisdiction under section 1356 requires that an officer of the United

14   States seize or hold property with the authority of a "law of the United States"—i.e., a federal law.

15   *Hunsucker v. Phinney*, 497 F.2d 29 (5th Cir. 1974) (citing *Johnston v. Earle*, 245 F.2d 793 (9th Cir.

16   1957)). The statute is therefore inapplicable to the case at bar, where the "seizing" party is not the

17   United States and Defendant has not identified any relevant federal law.  *See Johnston*, 245 F.2d at

18   79.

19        Finally, Defendant alleges original jurisdiction under 28 U.S.C. section 1343.  Subsection

20   1343(a)(1) grants district courts original jurisdiction over civil actions commenced by any person

21   "[t]o recover damages for injury to his person or property, or because of the deprivation of any right

22   or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy

23   mentioned in section 1985 of Title 42."  Jurisdiction under section 1343 requires more than a

24   frivolous or insubstantial claim of discriminatory treatment.  *See Hagans v. Lavine*, 415 U.S. 528,

25   539 (1974); *Ouzts v. Maryland Nat. Ins. Co.*, 470 F.2d 790, 791 (9th Cir. 1972).

26        Defendant asserts jurisdiction under section 1343 is proper because:

27        Plaintiff[] conspired to hinder and obstruct the Defendant['s] . . . due process rights
          by utilizing the egregious and discriminatory policies of the Superior Court of
28        Alameda County . . . and the California Judicial Council's Unlawful Detainer process

4

United States District Court

Northern District of California

. . . [which] denies Defendant in the instant case . . . equal protection under the law[.] Notice of Removal at 5.  Based on the above argument, Defendant concludes that a federal question is raised to support jurisdiction.  *Id.* at 6.  Defendant's argument is flawed for a number of reasons. Removal is not the proper mechanism for Defendant to attack the California Judicial Council and/or Alameda County Superior Court's unlawful detainer processes.  Neither the California Judicial Council or Alameda County Superior Court are parties in this action, and claims that Defendant may seek to assert against them are simply not relevant to this action.  Further, Defendant has not provided more than vague, conclusory assertions of discrimination or a conspiracy, nor has he described how this unlawful detainer action under California law operates in a discriminatory fashion, either broadly or in his individual case.  The mere conclusion that equal protection under the law has been denied as a result of unlawful detainer processes in this case is insufficient.  Without more, Defendant has not stated a basis for jurisdiction under section 1343. Because the statute requires more, it cannot provide original jurisdiction as section 1441 requires for removal.  *See Ouzts*, 470 F.2d at 791.

Based on the foregoing reasons, the Court finds that removal is not proper under 28 U.S.C. section 1441.

### 2.    28 U.S.C. § 1443

Defendant also alleges removal is proper under 28 U.S.C. section 1443.  Section 1443 provides for the removal of any civil or criminal case commenced in state court "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]"  28 U.S.C. § 1443(1).  To remove a case under section 1443(1), a notice of removal must satisfy a two-part test.  "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights."  *Patel v. Del Taco*, 446 F.3d 996, 999 (9th Cir. 2006) (quoting *Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970)).  "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights."  *Patel*, 446 F.3d at 999 (quoting

*Sandoval*, 434 F.2d at 636).   A removal notice under section 1443(2) is proper only by federal officers or persons assisting such officers in performing their duties under federal civil rights laws. *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 828 (1966); *Miller v. Lambeth*, 443 F.3d 757, 761 (10th Cir. 2006).  Defendant does not seem to assert removal is proper under section 1443(2), and regardless, that section would not apply in this instance; consequently, the Court addresses removal under only subsection (1).

In the present case, Defendant's Notice of Removal identifies neither an "explicit statutory enactment protecting equal racial civil rights" nor any state statute or constitutional provision that "purports to command the state courts to ignore the federal rights."  Moreover, what allegations the Amended Notice of Removal does contain are entirely conclusory in nature.  Similar to 28 U.S.C. section 1343, section 1443(1) will not provide jurisdiction where allegations of discrimination are conclusory and lacking factual basis.  *See Bogart v. California*, 355 F.2d 377, 380-81 (9th Cir. 1966).  Consequently, removal is not proper under section 1443.  *Gaus*, 980 F.2d at 566 (federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance); 28 U.S.C. § 1447(c) (district court must remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction).

Because neither 28 U.S.C. sections 1441 nor 1443 provides this Court with removal jurisdiction, this action is hereby **REMANDED** to the Alameda County Superior Court.  The Clerk of this Court is further ordered to forward certified copies of this Order and all docket entries to the Clerk of the Alameda County Superior Court.

Defendant is hereby warned that multiple removals of the same action where each removal is based on the same grounds is improper.  Plaintiff has already twice removed Alameda County Case No. RG11-602224 *and* twice removed Case No. RG11-610380, and has now argued virtually identical grounds for removal as to both state unlawful detainer actions.  Plaintiff is advised that further removals may result in costs and expenses being awarded to Plaintiff following a motion to remand under 28 U.S.C. section 1447(c).

**IT IS SO ORDERED.**

Dated: August 9, 2012

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28